EMILIO M. GARZA, Circuit Judge,
specially concurring:
In Faragher v. City of Boca Raton, 524 U.S. 775, 807-08, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998), and Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 764-65, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998), the Supreme Court held that there is one, and only one, situation in which the affirmative defense to a Title VII supervisor sexual harassment claim is not available: when the supervisor’s harassment culminates in a tangible employment action against the employee. Disregarding the sound judgment of the Supreme Court, the majority needlessly creates a second: when the harassing supervisor is the employer’s proxy. Because this holding cannot be reconciled with the Court’s carefully crafted scheme for analyzing this type of claim, I write separately.
It would be easy to follow the majority in accepting uncritically the Seventh Circuit’s cursory reading of Faragher in Johnson v. West, 218 F.3d 725 (7th Cir.2000), and simply hold that National Communications may not assert the affirmative defense because Gary Hardesty, as the president of National Communications, is the corporation’s proxy. To be certain, Hardesty’s conduct was deplorable, and National Communications was delinquent in failing to take action earlier. Nothing in Faragher or Ellerth, however, indicates that the Supreme Court intended to bar an employer from asserting the affirmative defense when the harassing supervisor happens to be of sufficiently high rank to qualify as the employer’s proxy. Accordingly, we are bound, absent a tangible employment action, to apply the defense to the sexual harassment claims of plaintiffs Lynette Ackel, Charlotte Gross, and Deanna Dugan.
Because employers cannot, as a general matter, be held automatically liable for sexual harassment by their supervisors,[1] *387 the Supreme Court created an affirmative defense to Title VII claims alleging supervisory sexual harassment. Specifically, in order to counter “the risk of automatic liability,” the Court decided, in most cases,, to “allow an employer to show as an affirmative defense to liability that the employer had exercised reasonable care to avoid harassment and to eliminate it when it might occur, and that the complaining employee had failed to act with like reasonable care to take advantage of the employer’s safeguards and otherwise to prevent harm that could have been avoided.” Faragher, 524 U.S. at 804-05, 118 S.Ct. 2275. In so doing, the Court explicitly limited automatic vicarious liability to circumstances in which “the supervisor’s harassment culminates in a tangible employment action, such as discharge, demotion, or undesirable reassignment.” Id. at 808, 118 S.Ct. 2275; see Ellerth, 524 U.S. at 765, 118 S.Ct. 2257 (“No affirmative defense is available ... when the supervisor’s harassment culminates in a tangible employment action-”).[2]
The majority, however, holds that the affirmative defense is unavailable as a matter of law because Hardesty is the proxy of National Communications. This conclusion finds no support in Faragher or Ellerth. The majority, in relying on Far-agher ’s discussion of Harris v. Forklift Systems, Inc., 510 U.S. 17, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993), takes that discussion wholly out of context. That portion of Faragher was only one part of a broad summary of pre-existing Title VII case law in which the Supreme Court explained why prior decisions neglected to discuss the standards governing an employer’s liability for sexual harassment by its supervisors. See Faragher, 524 U.S. at 789-90, 118 S.Ct. 2275.[3] When the Court subsequently established those standards, it made no mention of proxy liability. Indeed, the Court’s twin holdings in Faragher and Ellerth speak for themselves:
An employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee. When no tangible employment action is taken, a defending employer may raise an affirmative defense to liability or damages, subject to proof by a preponderance of the evidence, see Fed. Rule Civ. PROC. 8(c). The defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm oth *388 erwise- No affirmative defense is available, however, when the supervisor’s harassment culminates in a tangible employment action, such as discharge, demotion, or undesirable reassignment.
Faragher, 524 U.S. at 807-08, 118 S.Ct. 2275 (emphasis added); see Ellerth, 524 U.S. at 765, 118 S.Ct. 2257 (same).
Thus, under Faragher and Ellerth, the presence or absence of a tangible employment action is the only relevant factor when determining whether the affirmative defense is available. The majority, in creating an additional bar to the defense, unjustifiably expands the scope of automatic vicarious liability in Title VII supervisory sexual harassment cases beyond the narrow parameters authorized by the Supreme Court.
Furthermore, the majority’s derogation of binding Supreme Court precedent is unnecessary because, although Ackel, Gross and Dugan did not suffer a tangible employment action, National Communications has not satisfied the reasonableness standard of the affirmative defense for summary judgment purposes. In my view, the grant of summary judgment in favor of National Communications was improper because genuine issues of material fact exist as to whether National Communications exercised reasonable care in preventing and promptly correcting Hardesty’s blatant harassment of its female employees. See Sharp v. City of Houston, 164 F.3d 923, 930 (5th Cir.1999) (“If the harassment complained of is so open and pervasive that the employer should have known of it, had it but opened its corporate eyes, it is unreasonable not to have done so, and there is constructive notice.”). In addition, given the absence of any individual at Fox 29 above Hardesty or outside his chain of command, Ackel, Gross and Dugan may have acted reasonably in failing to complain promptly about Hardesty’s actions. See Mota v. Univ. of Tex. Houston Health Sci. Ctr., 261 F.3d 512, 525-26 (5th Cir.2001) (concluding that eight or nine month delay was not unreasonable where employee “may have believed that resort to the [employer’s] administrative process was ineffectual, given [supervisor’s] influence.... ”).
Accordingly, while I concur in the judgment and in Parts I, II, III.A, and IV of the majority’s opinion, I cannot join the reasoning of Part III.B.

. See Faragher, 524 U.S. at 792, 118 S.Ct. 2275 ("Title VII does not make employers ‘always automatically liable for sexual harassment by their supervisors ....’”) (quoting Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 72, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986)); id. at 804, 118 S.Ct. 2275 ("We are not enti-tied to recognize [vicarious liability for misuse of supervisory authority] under Title VII unless we can square it with Mentor's holding that an employer is not 'automatically' liable for harassment by a supervisor who creates the requisite degree of discrimination ...." (footnote omitted)).

. As the Court explained in Ellerth, an employer will always be vicariously liable when a supervisor takes a tangible employment action against a subordinate because "[t]he supervisor has been empowered by the company as a distinct class of agent to make economic decisions affecting other employees under his or her control,” and "[tangible employment actions are the means by which the supervisor brings the official power of the enterprise to bear, on subordinates.” 524 U.S. at 762-63, 118 S.Ct. 2257.

. Although Faragher notes that the results in these cases remain sound "in light of basic agency principles,” 514 U.S. at 791, 115 S.Ct. 1842, this general statement does not, as the majority contends, implicitly create an additional exception to the affirmative defense. Nevertheless, both Johnson, 218 F.3d at 730, and Passantino v. Johnson & Johnson Consumer Products, Inc., 212 F.3d 493, 516 (9th Cir.2000), cite this portion of Faragher as the sole support for their conclusion that an employer is automatically vicariously liable for sexual harassment by its proxy. Like the majority, however, neither opinion provides any legal analysis in support of this conclusion.